MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: Apr. 6, 2023

**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8129**

WRITER'S EMAIL ADDRESS
**davidorta@quinnemanuel.com**

March 21, 2023

<u>VIA ECF</u>

Hon. Andrew L. Carter Jr.
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1306
New York, NY 10007

Re:   <u>*In re Ex Parte Application of Samuel Malamud Eidelman*</u>, 1:22-mc-00156

Dear Judge Carter:

We represent Jacobo Malamud Eidelman, Yoselyn Malamud Kessler, Yudith Malamud de Schneider, and Caroline Malamud de Bloch (collectively, the "Movants"), whose rights and interests are implicated in the above-captioned discovery matter. We write pursuant to Rule 2(A) of the Individual Practices of Judge Andrew L. Carter, Jr. to respectfully request the Court arrange a pre-motion conference. Specifically, the Movants intend to file a motion (the "Motion") to (1) withdraw their letter motion, dated July 8, 2022, to intervene under Federal Rules of Civil Procedure 24(a) and 24(b) (Dkt. 13 (the "Letter Motion to Intervene")), and (2) seek leave to file a brief in opposition to the discovery sought by Applicant Samuel Malamud Eidelman's ("Applicant") *Ex Parte* Petition for Order Pursuant to 28 U.S.C. § 1782 (the "Application") from Citibank, N.A.; Bank Leumi USA, New York Branch; HSBC Bank USA, N.A.; BNP Paribas USA; Credit Lyonnais, New York Branch; JPMorgan Chase Bank, N.A.; Scotia Bank, New York Agency; IDB Bank, New York Branch; Coutts Bank Switzerland Ltd., New York Branch; Standard Chartered Bank USA; Santander Bank, N.A; and Scotia Capital, Inc. (collectively, the "Respondents").

First, the Court should permit Movants to withdraw their Letter Motion to Intervene. Allowing Movants to withdraw their Letter Motion to Intervene is appropriate because the Court has not yet ruled on the Letter Motion to Intervene and Movants desire to withdraw that motion. *See, e.g.*, *Ragsdale v. Confer*, No. 21-CV-6188-FPG, 2022 WL 1033272, at *2 (W.D.N.Y. Apr. 6, 2022) (granting request to withdraw summary judgment motion where Court had not ruled on the motion).

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Second, the Court should permit Movants to file an opposition brief to the Application within 30 days of the Court granting Movants' Motion. Movants have standing to challenge Applicant's § 1782 discovery under *Application of Sarrio, S.A.*, 119 F.3d 143 (2d Cir. 1997), and its progeny.[1] In *Sarrio*, the Second Circuit held that a non-party has standing to oppose a Section 1782 application when it can show that the information sought will be used against it in a foreign proceeding. *Application of Sarrio*, 119 F.3d at 147.

District courts have relied on *Sarrio* and other authorities for the same proposition. *See, e.g.*, *In re Hornbeam Corp.*, No. 14MISC424PART1, 2015 WL 13647606, at *2 (S.D.N.Y. Sept. 17, 2015), *aff'd*, 722 F. App'x 7 (2d Cir. 2018) (holding a "party against whom the requested information will be used" "has standing to challenge the issuance of § 1782 subpoenas under the Rules of Civil Procedure and under the statute itself" and therefore it is not "necessary to determine whether [that party] satisfies the requirements for intervention . . . pursuant to Federal Rule of Civil Procedure 24); *In re H.M.B. Ltd.*, No. 17-21459-CIV, 2018 WL 4778459, at *7 (S.D. Fla. July 2, 2018), *report and recommendation adopted*, No. 17-21459-CIV, 2018 WL 4776382 (S.D. Fla. Aug. 24, 2018) (collecting cases).

Here, Movants have standing under the aforementioned case law because the information sought by Applicant is purportedly for use in allegedly contemplated Peruvian proceedings against Movants. *See, e.g.*, *In re H.M.B. Ltd.*, 2018 WL 4778459, at *7 (holding company had standing to challenge § 1782 subpoenas where petitioner argued the company conspired to divert the petitioner's funds).

Movants' counsel have conferred with counsel for Applicant to discuss Proposed Intervenors' forthcoming Motion, and counsel for Applicant has stated they take no position on Movants' Motion. Accordingly, Movants respectfully request that the Court grant the Motion and

---

[1] *See Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("This does not mean that standing to oppose subpoenas issued under § 1782 is limited to the subpoenaed witness. We have recognized, though implicitly, that parties against whom the requested information will be used may have standing to challenge the lawfulness of discovery orders directed to third parties. *See In re Letters Rogatory Issued by Dir. of Inspection of Gov't of India*, 385 F.2d 1017 (2d Cir. 1967) (quashing subpoenas directed to third-party witness on motion of party aggrieved by discovery order); *see also In re Request for Int'l Judicial Assistance*, 687 F.Supp. 880, 887 (S.D.N.Y. 1988) (finding that targets of foreign inquiry have standing to oppose § 1782 discovery order directed to third parties on grounds that documents were outside the statute's scope), *rev'd on other grounds* 936 F.2d 702 (2d Cir. 1991) (no discussion of standing issue). As the Sixth Circuit explained, the ultimate targets of a § 1782 discovery order issued to third parties have 'standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute.' *In re Letter Rogatory from Justice Court, Montreal*, 523 F.2d 562, 564 (6th Cir. 1975). Because Congress has intervened to define the scope of United States judicial assistance in response to letters rogatory, 'a party against whom the requested information is to be used has standing to challenge the validity of such a subpoena on the ground that it is in excess of the terms of ... § 1782.' *Id.*; *see also In re Letter of Request from Crown Prosecution Serv. of United Kingdom*, 870 F.2d 686, 689 (D.C. Cir. 1989) ('[O]ne against whom information obtained under section 1782 may be used, has standing to assert that, to his detriment, the authority for which the section provides is being abused.')."

provide Movants an opportunity to be heard in accordance with a briefing schedule to be determined by the Court.

Respectfully submitted,

*/s/ David Orta*
David Orta (*pro hac vice*)
Lucas V.M. Bento

*Counsel for Movants Jacobo Malamud Eidelman, Yoselyn Malamud Kessler, Yudith Malamud de Schneider, and Caroline Malamud de Bloch*

cc:   All counsel of record (via email)

> Movants are granted leave to withdraw their letter motion at Dkt. 13. Movants are also granted leave to file a brief in opposition to the discovery sought by applicant. That briefing schedule shall be as follows:
> Initial brief: May 6, 2023
> Opposition: June 5, 2023
> Reply: June 20, 2023
>
> The Clerk of Court is directed to close the motions at Dkts. 13 and 18.
>
> SO ORDERED:
> HON. ANDREW L. CARTER, JR.
> UNITED STATES DISTRICT JUDGE
>
> Apr. 6, 2023